Gabrielli and Wachtler, JJ.
(dissenting). We feel it is unfortunate that the majority, rather than reach and determine the substantive issues necessary to determine the number of valid signatures, has seen fit to decide this matter on the failure of the candidate to fully comply with the binding and ordering requirements of subdivisions 7 and 8 of section 138 of the Election Law. There is no doubt that in election matters the courts should give greater weight to formal defects because uniformity is often essential to insure timely determinations. But we should also recognize the effect time pressures may have upon the candidate, particularly when a national office is sought requiring numerous signatures to be gathered throughout the State. Under these circumstances, considering the importance of the office, and the monumental task involved, we would not consider the failure of the petitions to literally comply with the statute to be fatal. Reaching the merits, we would agree with the Appellate Division that there are sufficient acceptable signatures to validate the petitions.
Chief Judge Breitel and Judges Jasen, Jones and Cooke concur; Judge Fuchsberg concurs in a separate concurring memorandum; Judges Gabrielli and Wachtler dissent and vote to affirm in a dissenting memorandum.
Order reversed, without costs, and judgment of Supreme Court, Albany County, reinstated in a memorandum.